IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RALPH MCCLAIN,** | : | Civil No. 1:21-CV-992 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| **H.K. HOOVER, et al.** | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

**I.   Statement of Facts and of the Case**

This *pro se* prisoner lawsuit comes before us for consideration of a motion filed by the plaintiff to amend his complaint. (Doc. 25). Recognizing that Rule 15, which governs amendment of pleadings, favors liberally granting leave to amend for the reasons set forth below this motion will be granted.

The background of this litigation can be simply stated: On June 4, 2021, the defendants removed this lawsuit from state court. (Doc. 1). A review of McClain's state court complaint, (Doc. 1-2), indicates that the gravamen of McClain's lawsuit was a claim that Defendant Hoover and others retaliated against the plaintiff in the Summer and Fall of 2019 while he was housed at SCI Benner after McClain allegedly made sexually suggestive remarks to a female staff member. (Id.)

McClain's original complaint asserted that this alleged retaliation took a number of forms, including disparate disciplinary punishment, denial of access to the courts, restrictions on law library access, and a refusal to advance McClain through various disciplinary and therapeutic programs. (Id.) While this initial complaint clearly identified Unit Manager Hoover as a defendant, this pleading also alluded to the alleged roles of numerous other staff in the events which formed the gist of this pleading. (Id.)

Following some preliminary litigation in this case, (Docs. 2-19), on December 20, 2021, McClain moved for a stay of these proceedings while he underwent an involuntary psychiatric commitment, a request which we granted. (Docs. 20 and 21). Despite the entry of this stay at McClain's request, the plaintiff continued to actively litigate this matter. As part of this effort, on January 20, 2022, McClain filed a motion for leave to file an amended complaint. (Doc. 25). This amended complaint does not appear to materially change the factual allegations in McClain's prior pleading. Instead, this amended complaint seems to simply clearly identify as defendants some correctional officials who had been previously identified as actors in the events described in McClain's original complaint. The amended complaint further separately sets forth the various legal claims that McClain wishes to assert with greater precision. (Compare Doc. 1-2 with Doc. 25-1).

Once it was reported that McClain's involuntary psychiatric commitment had ended, we lifted the stay previously imposed in this case and directed the defendants to respond to McClain's motion to amend. (Docs. 29-30). This motion is now fully briefed and is, therefore, ripe for resolution.

For the reasons set forth below, McClain's motion to amend will be granted.

## II. Discussion

### A. Standard of Review – Motion to Amend and Supplement Complaints.

Rule 15 of the Federal Rules of Civil Procedure governs amendments and supplementation of pleadings. Fed. R. Civ. P. 15. Rule 15(a) authorizes a party to amend his pleading once as a matter of course within 21 days after serving it, or if the pleading is one to which a responsive pleading is required, 21 days after service of the responsive pleading, or 21 days after service of a dispositive motion under Rule 12, whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A) and (B). "In all other cases, a party may amend its pleading only with the opposing party's written consent, or the court's leave," which courts are to freely give "when justice so requires." Fed. R. Civ. P. 15(a)(2). Consistent with this policy, leave to amend rests in the discretion of the court and may, when justice so requires, be denied if the court finds "undue delay, bad faith or dilatory motive on the part of the movant, failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc."

3

Foman v. Davis, 371 U.S. 178, 182 (1962); see also Oran v. Stafford, 226 F.3d 275, 291 (3d Cir. 2000).

"The decision of whether to permit a supplemental pleading is within this Court's discretion. See Owens–Illinois, Inc. v. Lake Shore Land Co., 610 F.2d 1185, 1188–89 (3d Cir.1979); see also Burns v. Exxon Corp., 158 F.3d 336, 344 (5th Cir.1998) (holding that district court did not abuse its discretion in denying leave to file supplemental complaint.)" Hassoun v. Cimmino 126 F.Supp.2d 353, 360 -361 (D.N.J.2000). Therefore, decisions regarding motions to amend or supplement pleadings rest in the sound discretion of the district court and will not be disturbed absent an abuse of that discretion. See e.g., Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001).

That discretion, however, is governed by certain basic principles, principles that are embodied in Rule 15 of the Federal Rules of Civil Procedure. In this regard, while Rule 15 provides that leave to amend should be freely given when justice so requires, the district court still retains broad discretion to deny a motion to amend, Bjorgung v. Whitetail Resort, LP, 550 F.3d 263 (3d Cir. 2008); Cureton v. National Collegiate Athletic Ass'n., 252 F.3d 267 (3d Cir. 2001), and may deny a request:

> if the plaintiff's delay in seeking to amend is undue, motivated by bad faith, or prejudicial to the opposing party. Adams, 739 F.2d at 864. Delay becomes "undue," and thereby creates grounds for the district

court to refuse leave, when it places an unwarranted burden on the court or when the plaintiff has had previous opportunities to amend. Cureton, 252 F.3d at 273 (citing Adams, 739 F.2d at 868; Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir.1993)). Thus, our review of the question of undue delay . . . will "focus on the movant's reasons for not amending sooner," Cureton, 252 F.3d at 273, and we will balance these reasons against the burden of delay on the District Court. Coventry v. U.S. Steel Corp., 856 F.2d 514, 520 (3d Cir.1988).

Bjorgung v. Whitetail Resort, LP, supra, 550 F.3d at 266.

Furthermore, "'[a]mong the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility.' In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997) ('Burlington'); Lorenz v. CSX Corp., 1 F.3d 1406, 1413-14 (3d Cir.1993). 'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. Burlington, 114 F.3d at 1434." Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Moreover, a party seeking to supplement pleadings must act in a diligent fashion. Thus, for example, "[a] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." Krantz v. Prudential Investments Fund Management LLC, 305 F.3d 140, 144 (3d Cir. 2002) (citing Rolo v. City Investing Co. Liquidating Trust, 155 F.3d 644, 654 (3d Cir.1998)).

These basic legal tenets guide our consideration of McClain's motion to amend his complaint.

5

B. **McClain's motion to file an amended complaint will be granted.**

Judged by these benchmarks, we find that McClain's motion to file an amended complaint should be granted. In this regard, we note that, as a general matter, Rule 15 provides that leave to amend should be freely given when justice so requires. Given this rule favoring the liberal amendment of pleadings, typically "the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1434 (3d Cir.1997).

In this case, we view McClain's amended complaint as a pleading which simply clarifies the identities of the named defendants and the plaintiff's legal claims without substantially changing or broadening the factual allegations in this case. Nonetheless, the defendants urge us to deny leave to amend, arguing that McClain's proposed amended complaint unduly prejudices the defense, is futile, and was sought by McClain in bad faith.[1] However, given what we perceive as the limited nature of the amendments proposed by McClain, we cannot say that the prejudice

---

[1] The defendants also assert that Rule 16, which requires a party to demonstrate good cause before seeking to modify a scheduling order, should preclude McClain from seeking to amend his complaint at this time because McClain has not shown good cause for filing this motion. We disagree given that prior case management orders did not set a deadline for amendment of pleadings. But in any event, we find that McClain's involuntary mental health commitment constitutes good cause justifying some delay in the submission of this motion. Therefore, we conclude that the requirements of Rule 16 are met here.

resulting from this amendment of the complaint outweighs the strong policy favoring free leave to amend when justice so requires.

Nor can we conclude that McClain has acted in bad faith in this case by filing this motion to amend his complaint. While the question of whether McClain can sustain the claims he asserts in this amended complaint must await another day,[2] these new allegations seem to flow directly from McClain's initial averments. Thus, there is no indication that McClain is patently acting in bad faith when he seeks to clarify his claims.

Finally, the defendants suggest that this amendment would be futile because McClain's allegations against these against the newly identified defendants would be time-barred under the applicable statute of limitations. McClain's rejoinder to this argument is straightforward: he contends that his amended complaint is timely because the period of time during which he was exhausting his prison grievances is tolled under any statute of limitations calculation. As a legal matter, McClain is correct. It is well-settled that satisfaction of this exhaustion requirement mandated

---

[2] In particular, we note that, to the extent that McClain is premising any First Amendment claim upon sexually harassing comments by an inmate in a correctional setting directed at female staff, this claim is legally problematic. McClain v. Pennsylvania Dep't of Corr., No. 1:19-CV-1951, 2021 WL 5205948, at *2 (M.D. Pa. Nov. 9, 2021). However, the legal viability of such a claim may have to await the development of the factual record. Id.

by federal law tolls the statute of limitations. Pearson v. Sec'y Dep't of Corr., 775 F.3d 598, 603 (3d Cir. 2015). Yet, while McClain is correct in asserting that he is entitled to some tolling of the statute of limitations, we cannot discern on the current, incomplete record whether this legal proposition can serve to save McClain's newly asserted claims. Simply put, this statute of limitations issue also requires further development of the factual records regarding the timing of the exhaustion of McClain's grievances. Since that information is not pellucid on the current pleadings, we cannot say that the statute of limitations defense asserted here renders McClain's amended complaint completely futile.

Given Rule 15's injunction that leave to amend should normally be freely given, and finding at this juncture that the defendants have not shown that McClain's motion to amend is futile, unduly prejudicial, or made in bad faith, the motion to amend is granted.

An appropriate order follows.

DATED: June 14th, 2022.

*S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RALPH MCCLAIN,** | : | Civil No. 1:21-CV-992 |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **(Magistrate Judge Carlson)** |
| **H.K. HOOVER, et al.** | : | |
| | : | |
| Defendants. | : | |

### **ORDER**

AND NOW, this 14th day of June, 2022, for the reasons set forth in the accompanying Memorandum, the plaintiff's motion to amend his complaint is GRANTED. (Doc. 25). The plaintiff's proposed amended complaint, (Doc. 25-1), will be FILED as the amended complaint in this matter, and in accordance with Federal Rule of Civil Procedure 4(c)(3), the Clerk of Court is directed to SERVE a copy of the amended complaint, (Doc.1), notice of lawsuit and request to waive service of summons, (form AO 398), waiver of the service of summons, (form AO 399), and this Order on the defendants. In the interests of efficient administrative judicial economy, the Court requests that the Defendant waive service pursuant to Federal Rule of Civil Procedure 4(d). If service is unable to be completed due to Plaintiff's failure to properly name the Defendant(s), or provide an accurate mailing

address, Plaintiff will be required to correct this deficiency. Failure to comply may result in the dismissal of Plaintiffs claims against the Defendant(s) pursuant to Federal Rule of Civil Procedure 4(m).

<u>*S/ Martin C. Carlson*</u>
Martin C. Carlson
United States Magistrate Judge