IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RALPH MCCLAIN,** | Civil No. 1:21-cv-0992 |
| **Plaintiff,** | |
| | (Judge Sylvia H. Rambo) |
| v. | |
| **H.K. HOOVER, et al.** | |
| **Defendants.** | |

## O R D E R

AND NOW, this 19th day of July, 2023, upon consideration of the defendants' two motions to dismiss the amended complaint for failure to state a claim against the individual defendants upon which relief may be granted (Docs. 57 and 62), and after review of the Report and Recommendation of United States Magistrate Judge Martin C. Carlson (Doc. 84), and Plaintiff Ralph McClain's Objections to the Report and Recommendation (Doc. 93), IT IS HEREBY ORDERED AS FOLLOWS:

1. The Report and Recommendation (Doc. 84) is ADOPTED.

2. Plaintiff McClain's Objections (Doc. 93) are OVERRULED.[1]

---

[1] The background of this case is set forth in detail in the Report and Recommendation and need not be repeated. The report recommends that pro se Plaintiff McClain's First Amendment retaliation claims be dismissed, but that the motions to dismiss the Eighth Amendment and First Amendment access to courts claims be denied without prejudice to renewal of these defenses through motions for summary judgment.

When objections are timely filed to a magistrate judge's report and recommendation, the district court must conduct a de novo review of those portions of the report to which objections are made. 28 U.S.C. § 636(b)(1); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011). Although the standard is de novo, the extent of review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper. *Rieder v. Apfel*, 115 F. Supp. 2d 496, 499 (M.D. Pa. 2000) (citing *United States v. Raddatz*, 447

3. The defendants' motions to dismiss (Docs. 57 and 62) McClain's complaint are GRANTED IN PART AND DENIED IN PART as follows:

    a. The motions are GRANTED with respect to Counts I and III of the amended complaint, and

    b. The motions are DENIED with respect to Counts II and IV of the amended complaint without prejudice to renewal through a properly documented motion for summary judgment.

4. This case is remanded to Magistrate Judge Carlson.

s/Sylvia H. Rambo
Sylvia H. Rambo
United States District Judge

---

U.S. 667, 676 (1980)). For those sections of the report and recommendation to which no objection is made, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72(b), advisory committee notes; *see also Univac. Dental Co. v. Dentsply, Intern.*, 702 F. Supp. 2d 465, 469 (M.D. Pa. 2010) (citations omitted). Regardless of whether objections are made, the district court may accept, not accept, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); L.R. 72.31.

The Report and Recommendation carefully analyzes McClain's retaliation claims and appropriately concludes that his sexually suggestive communications to a prison staff member did not constitute protected speech in the setting of a maximum-security prison, and further, that the prison official's disciplinary and programming decisions related to his misconduct did not amount to retaliation or violate his constitutional rights. In addition, the Report and Recommendation correctly finds that two of his retaliation claims against two of the medical defendants are barred by the statute of limitations.

McClain's objections to the Report and Recommendation do not engage with its analysis or substantively argue that the complaint contains sufficient facts to state a claim for First Amendment retaliation. McClain instead focuses on rehashing arguments he previously made related to his underlying conduct and the prison officials' disciplinary decisions. Since mere disagreement with a report and recommendation is not a basis to decline to adopt it, the court construes Brown's objections as general objections, and thus is limited "to ascertaining whether there is 'clear error' or 'manifest injustice'" on the face of the record. *Boomer v. Lewis*, No. 3:06-cv-0850, 2009 WL 2900778, at *1 (M.D. Pa. Sept. 9, 2009). The court finds no such error or injustice here.