**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RALPH W. MCCLAIN JR.,<br><br>Plaintiff,<br><br>v.<br><br>UNIT MANAGER H.K. HOOVER, et al.,<br><br>Defendants. | CIVIL ACTION NO. 1:21-CV-00992<br><br>(SAPORITO, J.) |

**ORDER**

The plaintiff commenced this action on June 5, 2021, against various correctional defendants alleging violations of his constitutional rights. (Doc. 1). On August 8, 2022, the plaintiff filed a second amended complaint. (Doc. 51). On April 1, 2024, the defendants filed a motion for summary judgment and included a certificate of service of the motion on the plaintiff via United States mail. (Doc. 109). On November 11, 2024, Chief United States Magistrate Judge Bloom recommended that summary judgment be granted. (Doc. 117). On February 4, 2025, we adopted Judge Bloom's report and recommendation in its entirety. (Doc. 126).

On November 3, 2025, the plaintiff filed a motion for relief from

judgment under Rule 60(b)(6) of the Federal Rules of Civil Procedure, claiming that he could not produce evidence or respond sufficiently to this action because his prison mail was withheld from him beginning in July of 2023 until October of 2025. (Doc. 129). On December 18, 2025, Judge Bloom recommended that the plaintiff's motion for relief be denied, finding that the plaintiff's active participation on the docket and mail use did not constitute the necessary excusable neglect to permit the plaintiff to seek relief from a judgment.[1] (Doc. 134). On January 28, 2026, we adopted Judge Bloom's report and recommendation in its entirety. (Doc. 137). Now before the Court is the plaintiff's motion for reconsideration (Doc. 138) and the plaintiff's motion to alter or amend judgment. (Doc. 139).

Typically, the scope of a Rule 59(e) motion to alter or amend final judgment "is extremely limited." *Blystone v. Horn*, 664 F.3d 397, 415 (3d Cir. 2011). A motion for reconsideration under Rule 59(e) is used "'to correct manifest errors of law or fact or to present newly discovered evidence.'" *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting

[1] Judge Bloom also noted that the plaintiff's motion for relief from judgment was better characterized as one under Rule 60(b)(1) of the Federal Rules of Civil Procedure, rather than Rule 60(b)(6).

*Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999)). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Id.* "A motion for reconsideration is not to be used as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." *Ogden v. Keystone Residence*, 226 F. Supp. 2d 588, 606 (M.D. Pa. 2002). "Likewise, reconsideration motions may not be used to raise new arguments or present evidence that could have been raised prior to the entry of judgment." *York Int'l Corp. v. Liberty Mut. Ins. Co.*, 140 F. Supp. 3d 357, 361 (M.D. Pa. 2015). "Reconsideration of judgment is an extraordinary remedy; therefore, such motions are to be granted sparingly." *D'Angio v. Borough of Nescopeck*, 56 F. Supp. 2d 502, 504 (M.D. Pa. 1999).

Here, there has been no intervening change in the controlling law, the plaintiff has proffered no new evidence, and we find no clear error of law or fact. Instead, the plaintiff relies on two decisions in which judges in the United States District Court for the Eastern District of

Pennsylvania appear to have permitted him to reopen his cases under what the plaintiff asserts to be substantially similar factual circumstances.[2] *See* (Doc. 138-2). This action, however, is distinguishable from those cited by the plaintiff. Upon review of the record, the courts in *McClain v. Hawkins* and *McClain v. Ruiz* found that the plaintiff could not adequately pursue his claims because mail restrictions prevented him from receiving notice of the Court's orders for two years and left him unable to comply with the deadlines set forth therein. (Doc. 138-2, at 3); (Doc. 138-2, at 6). In this action, however, Judge Bloom found that not only did the plaintiff receive mail throughout the relevant period, but he also participated actively on the docket and corresponded with the Court. (Doc. 134, at 6).

Moreover, "[i]n order to show clear error manifest injustice, the [movant] must base its motion on arguments that were previously raised but were overlooked by the Court–[p]arties are not free to relitigate issues that the Court has already decided." *United States v. Jasin*, 292 F. Supp.2d 670, 676 (E.D. Pa. 2003) (citations and quotations omitted). A

[2] Those cases are: (1) *McClain v. Hawkins*, Case No. 2:23-CV-04012 (E.D. Pa.) and (2) *McClain v. Ruiz*, Case No. 2:24-CV-4704 (E.D. Pa.).

motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has rightly or wrongly made. *Williams v. Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D. Pa. 1998). Litigants are cautioned to "evaluate whether what may seem to be a clear error of law is in fact simply a point of disagreement between the Court and the litigant." *Waye v. First Citizen's Nat'l Bank*, 846 F. Supp. 3d 310, 314 n.3 (M.D. Pa. 1996) (quotations and citations omitted).

Here, despite the inclusion of the authorities attached to his motion, the crux of the plaintiff's motion for reconsideration still ultimately rests on the same arguments advanced in his prior motions, which Judge Bloom and this Court have previously considered and rejected. Indeed, it appears that the plaintiff seeks reconsideration not based on any clear error committed by this Court, but rather on the premise that another court might reach a different conclusion under the same legal framework. Such speculation does not constitute a proper basis for reconsideration, and the plaintiff has failed to identify any case law to support that contention. It remains that the plaintiff's contention does not undermine Judge Bloom's finding, which this Court has adopted, that the plaintiff's active participation in the litigation, as reflected in the docket and his

correspondence with the Court, does not warrant relief from judgment under Rule 60(b)(1) of the Federal Rules of Civil Procedure. (Doc. 137). As such, we find that denial of the plaintiff's motions is warranted.

Accordingly, **IT IS HEREBY ORDERED THAT** the plaintiff's motion for reconsideration (Doc. 138) and the plaintiff's motion to alter or amend judgment (Doc. 139) are **DENIED**.

Dated: August 7, 2026

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States District Judge